# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

*In the Matter of the Search of*

APPLICATION & AFFIDAVIT
FOR SEARCH WARRANT

Case Number: 10-m-417

**Public Storage, 5014 South 13th Street, Milwaukee, Wisconsin, storage unit #4106, rented on or about October 19, 2009. The unit is further described as an outdoor storage unit, 10' by 20,' with an orange roll-up door bearing "4106" painted in dark paint on the right side of the unit.**

I, David R. LaMonte, being duly sworn depose and state:

I am a Special Agent of the Secret Service, and have reason to believe that in the property known as:

**Public Storage, 5014 South 13th Street, Milwaukee, Wisconsin, storage unit #4106, rented on or about October 19, 2009. The unit is further described as an outdoor storage unit, 10' by 20,' with an orange roll-up door bearing "4106" painted in dark paint on the right side of the unit**, in the Eastern District of Wisconsin there is now concealed certain property, namely: **Please see attached affidavit.**

Which is evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2312.

The facts to support a finding of Probable Cause are as follows: **Please see attached affidavit, and Attachment A (items to be seized).**

Continued on the attached sheet and made a part hereof.  √ Yes   ___ No

_____
Signature of Affiant

Sworn to before me, and subscribed in my presence

January 20, 2010 at 4:10 PM
Date and time issued

at Milwaukee, Wisconsin
City and State

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

# ATTACHMENT A

## Items to be Seized

1. A silver 2003 Pontiac Montana four-door van bearing Florida registration plates N902CQ.

2. Any documents within the above-described vehicle that evidence travel in interstate commerce or that relate to the procurement or ownership of the vehicle outside the State of Wisconsin.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANTS

I, **David R. LaMonte,** being duly sworn, depose and state as follows:

1. I am employed as a Special Agent for the United States Secret Service and have been so employed since August 04, 2008. From February 2007 to August 2008, I served as a police officer in Orland Hills, Illinois. I graduated from the John Marshall Law School in January 2008 and am currently a member in good standing of the Illinois State Bar. During my time with the Secret Service, I have received specialized training in the enforcement of laws concerning identity theft, counterfeit checks, counterfeit access devices, and counterfeit identification cards. I have participated in numerous investigations relating to such violations.

2. This affidavit is based upon my personal knowledge and upon information reported to me by other federal, state, and local law enforcement officers, including Deputy United States Marshals and officers of the Brookfield, Wisconsin police department, during the course of their official duties. I believe these officers to be truthful and reliable. This affidavit is also based upon information gained from interviews with citizen witnesses and informants.

3. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

4. This affidavit is submitted in support of applications for federal search warrants authorizing: **(a)** a search of the storage unit identified as Unit #4106 at Public Storage, 5014 S. 13th Street, Milwaukee, Wisconsin for evidence, fruits and instrumentalities of the crime of transporting a stolen vehicle across state lines, in violation of Title 18, United States Code, Section 2312; and **(b)** search of electronic devices seized from Kurtis E. Armann's hotel room for evidence, fruits and

instrumentalities of violations of Section 2312 as well as violations of various federal identity-theft crimes.

  5. On January 08, 2009, at the request of the City of Brookfield Police Department, I drove to Town Place Suites, a hotel located at 600 North Calhoun Road, Brookfield, Wisconsin. Upon arrival, I made contact with Deputy U.S. Marshal Zack Kadish, and learned that the Marshal's Service was conducting an investigation attempting to locate **Kurtis E. Armann**, DOB: 12/27/74, on a federal parole violation warrant. Kadish explained that Armann had been convicted by a court-martial conducted by the United States Army for attempted murder while overseas in the U.S. military. Armann served ten years of a 35- year sentence and was released on parole. He later violated the conditions of parole, resulting in the issuance of the federal parole warrant by the Parole Commission.

  6. I also learned that, during the course of their investigation, Deputy U.S. Marshals interviewed Armann's mother, C.K. She stated that her mentally disabled son, C.C., had recently received mail from a Public Storage facility in Milwaukee, Wisconsin, advising him that he was delinquent on payments for a storage unit rented under his name. She further stated that C.C. had never rented a storage unit in Milwaukee, Wisconsin. Deputy U.S. Marshal Zack Kadish interviewed C.S., Manager of Public Storage, 5014 S. 13th Street, Milwaukee, Wisconsin and showed her a known photograph of Armann. C.S. related that this individual had rented storage unit #4106 under the name C.C. on or about October 19, 2009. Days following that interview, C.S. entered Unit #4106 due to delinquent payments and located a silver-colored van parked within. She observed multiple unidentified paper documents inside the vehicle. Upon exiting the storage unit, C.S. attached a Public Storage padlock to the door, thus securing the unit. C.S. forwarded the

2

vehicle's license plate information to Deputy U.S. Marshal Kadish, who identified the vehicle as stolen out of the State of Florida. Deputy U.S. Marshal Kadish advised that Public Storage staff later showed him a surveillance video taken October 16, 2009 that shows Armann parking the stolen silver van in Unit #4106. Unit #4106 is an outdoor unit, 10' x 20', with an orange roll-up door bearing "4106" painted in dark paint on the right side of the unit. The van is a silver 2003 Pontiac Montana four-door van bearing Florida registration plates N902CQ.

7. Deputy U.S. Marshal Kadish advised that their investigation led them to Room 123 at the aforementioned Town Place Suites. Further, Deputy U.S. Marshal Kadish advised that they had a known photograph of Armann and had showed it to hotel personnel who confirmed that, in fact, the man in the photograph had rented Room 123 commencing on or about January 04, 2010. When he rented the room, he paid in cash and utilized the name R. L., providing a home address in St. Clairsville, Ohio.

8. Upon entering Room 123, U.S. Marshals took Armann into custody pursuant to the parole violation warrant. They contacted the City of Brookfield Police Department after observing, in plain view, a United States Army military identification card bearing the name C.C., which had Armann's photograph on it and a date of birth of 07/26/79, with a Social Security number other than the Social Security number legitimately associated with Armann. Further, U.S. Marshals provided information that C.C. is in fact Armann's adult half-brother who is mentally disabled, lives in the State of Ohio, and is not a member of the United States military. Further, U.S. Marshals advised that Armann had given consent to search a plastic storage bin which was found to contain clothing and approximately three identification cards which bore Armann's photograph but different names and identifying information. After these items were observed, Armann stated that the officers would

3

need a search warrant to search the rest of the hotel room.

9. A warrant authorizing a search of the hotel room was issued by the Honorable Richard Congdon, Waukesha County Circuit Court (warrant #2010WK000232A). The warrant was executed by Detective Hudock and other members of the City of Brookfield Police Department. In summary, a search of the room revealed Armann was in possession of five or more false identification documents, in violation of Title 18, United States Code, Section 1028(a)(3) (specifically, identification documents bearing Armann's likeness and other individuals' names); false document-making equipment, in violation of Title 18, United States, Code, Section 1028(a)(5) (including a laminating machine); access device making equipment, in violation of Title 18, United States Code, Section 1029(a)(4) (including a magnetic strip card reader); and a counterfeit United States Army I.D., in violation of Title 18, United States Code, Section 499.

10. Among the documents retrieved as result of the search of the hotel room was a sales receipt for purchases of one cellular telephone and SCUBA diving gear on September 27, 2009 at Big & Small Pawn, Inc. in Pompano Beach, Florida. The receipt lists items purchased by D.T. (see also paragraph 12 *infra*), who paid for the items via a PayPal.com account associated with an AOL email address. The manager of Big & Small Pawn, Richard, stated the customer located the store through items posted for sale on EBay.com. The foregoing suggests that Armann used the Internet in connection with his identity-theft activity.

11. Further, the search revealed boxes of blank check stock and numerous documents, including highly-organized records of stolen identities and purchases made using identities other than Armann. Among the documents located were two envelopes containing information regarding the rental of storage units.

4

12. Specifically, one of the two envelopes contained a rental agreement for storage unit #4106 at Public Storage, 5014 S. 13th Street, Milwaukee, Wisconsin, registered under the name C.C. The other envelope contained a rental agreement for storage unit #B331 at Public Storage, 2250 West Copans Road, Pompano Beach, Florida, registered under the name D.T. I spoke with C.S., Manager of Public Storage in Milwaukee, Wisconsin, who advised when Armann came to the facility to make payment for Unit #4106, he also made payment on storage unit #B331 at the Public Storage unit in Pompano Beach, Florida.

13. All properties seized at Town Place Suites were inventoried by the City of Brookfield Police Department. On January 11, 2010, I met with Detective Hudock and took into custody all inventoried evidence relating to the production of counterfeit access devices and identification cards, identity theft, and electronic items for further analysis by a certified electronic crimes forensic examiner. These items may contain evidence directly related to the manufacturing of counterfeit identification cards, counterfeit access devices (such as credit cards, debit cards, and bank account information), counterfeit personal checks, fraudulently obtained cellular telephone accounts, fraudulently obtained banking information, and other information that is readily identifiable as being related to criminal activity associated with the theft of other individuals' identities. Such information is often stored openly or covertly in computer application files, word or text documents, spreadsheet files, photographs, and other files intended for the saving and organization of critical information. Items seized by the City of Brookfield Police Department, which may contain evidence relating to identity theft violations, include the following, which are now in the possession, custody and control of the United States Secret Service in Milwaukee, Wisconsin:

    1 - Gateway brand desktop computer tower, Model No. DHS, serial number

5

5Y8M851

1 - PNY brand USB drive attached to Gateway desktop computer tower

1 - HP brand laptop computer, HP Pavilion dv8000, serial number CND6294LC2

1 - Gateway brand laptop power book, serial number LUWCR0B0449394BC131601

1 - Garmin brand portable GPS unit, model nuvi, serial number 1R2205680

1 - Sony Cyber-shot digital camera with case, model DSC-H10, serial number 724834

1 - Sony Cyber-shot digital camera with case, model DSC-S950 serial number 0243816

1 - Digital USB magnetic strip and card reader, model MSR213, serial number A000976

1 - Sony 4GB memory stick pro duo, serial number D715L3L AUBE 1000000

1 - Sony 4GB memory stick pro duo, serial number D806L1L CYBF 1000000

1 - White colored device bearing green letters "Citizens Bank" with USB attachment

1 - SanDisk microSD memory stick in clear plastic case, bearing number 2006-01-05

1 - Gigaware USB drive, Cat. No. 26-284, bearing number 08A08

1 - DataTraveler 512MB USB drive, bearing numbers CN 012807, 05360-018.AOOLF

1 - Sanyo Sprint cellular telephone, model SCP-3200, HEX # A00000052CD8A8 84

1 - LG brand cellular telephone, serial number 909CQLH476904

1 - LG brand cellular telephone, serial number 906CQDG905042

> 1 - LG brand cellular telephone, serial number 906CQYQ813906
>
> 1 - LG brand cellular telephone, serial number 906CQBD785077
>
> 1 - Samsung Net10 cellular telephone, serial number RQ2S798960D
>
> 1 - Samsung Net10 cellular telephone (cracked in half), DEC: RPHS314821J
>
> 1 - iPod brand, model Nano, serial number YM9420VZ71V
>
> 1 - Olympus brand digital voice recorder, model VN-5000, serial number 101131430
>
> 1 - Mini compact disc bearing number MSR213U
>
> 269 - Compact discs bearing assorted labels and markings

14. I know from my training and experience that electronic devices and storage media, including hard drives, external drives, memory sticks, compact discs, digital camera cards, cellular telephones, and GPS devices, can store the equivalent of thousands of pages of information and thousands of images. I know from my training and experience that those engaged in identity theft and who traffic in stolen identities and forms of identification often store documents, photographs, data about false identities, records of purchases made with false identities, and contact information for individuals who are either suppliers or customers of false forms of identification on such devices and media, including cellular telephones.

15. A GPS device can also store the kinds of data described above; more typically, such a device retains data concerning destinations or waypoints along a journey and can be expected, in this case, to contain data documenting Armann's travel to Illinois for activities related to identity theft. I interviewed A.S., the defendant's Milwaukee-area girlfriend, who related that between October 2009 and January 2010 Armann used the GPS and a Dodge Caliber that A.S. rented for him to make trips to Illinois. Armann told A.S. that he made these trips in connection with an "E-bay"

7

business. Documents seized from Armann's hotel room suggest otherwise; for example, they show that Armann opened a bank account under the name A.F. at a TCF branch in Buffalo Grove, Illinois on December 14, 2009.

16. I also know from my training and experience that a forensic computer examination can recover files and remnants of files months or even years after they were obtained or created. Even when such files have been "deleted," they can be recovered months or years later using readily available forensic tools. A trained computer forensic examiner will have to examine all of the stored data in the aforementioned devices and storage media to determine whether it is included within the scope of the warrant.

17. Based on the foregoing, I respectfully submit that there is probable cause to believe that a search of the storage unit identified as Unit #4106 at Public Storage, 5014 S. 13th Street, Milwaukee, Wisconsin, will uncover evidence, fruits and instrumentalities of the crime of transporting a stolen vehicle across state lines, in violation of Title 18, United States Code, § 2312, as described more fully in **Attachment A**. I further submit that there is probable cause to believe that the computers, electronic devices and storage media recovered from Armann's hotel room will contain evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 2312, as well as evidence, fruits and instrumentalities of various identity-theft crimes, including violations of Title 18, Sections 1028(a)(3), 1028(a)(5), 1029(a)(4), and 499, as described more fully in **Attachment B**.

8

Case 2:10-mj-00417-WEC   Filed 01/29/10   Page 10 of 10   Document 1